**Order entered April 15, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00066-CV

### IN THE INTEREST OF A.B.P., A MINOR CHILD

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-52013-05**

## ORDER

On March 20, 2008, Jimmie Prindle, Jr. filed a petition to modify parent-child relationship, seeking in part a decrease in the amount of his child support obligation with regards to A.B.P., a minor child. On July 26 and 28, 2010, the trial court held a hearing on the suit to modify parent-child relationship. On July 29, 2010, Presiding Judge Suzanne Wooten issued a Memorandum that granted in part and denied in part Jimmie Prindle, Jr.'s requested modification. Specifically, the Memorandum reduced Jimmie Prindle, Jr.'s child support obligation to $850 per month. On October 19, 2010, a visiting judge signed the Order in Suit to Modify Parent-Child Relationship, which ordered Jimmie Prindle, Jr. to pay child support of $850 per month.

Thereafter, Jimmie Prindle, Jr. perfected an appeal to this Court. In his brief, Jimmie Prindle, Jr. argues the trial court ordered an amount of child support that varied from child support guidelines. In her response brief, Biborka Prindle argues the evidence supports a finding

by the trial court that Jimmie Prindle, Jr. was intentionally unemployed or underemployed with earning potential to support ordered child support amount. Alternatively, Biborka Prindle argues the evidence at trial supports a determination by the trial court that application of the guidelines would be unjust or inappropriate under the circumstances, that a variance from the guidelines was appropriate, and that a variance from the guidelines was in the best interest of A.B.P.

The Texas Supreme Court has stated the following regarding the trial court's obligations when considering the issue of intentional underemployment:

> To facilitate appellate review and to encourage consistency in the exercise of this discretion across the state, the trial court must make a finding of intentional unemployment or underemployment and its decision to base child support on earnings potential rather than actual earnings must be supported by the record.

*Iliff v. Iliff*, 339 S.W.3d 74, 82 (Tex. 2011).

Furthermore, section 154.130(a) of the Texas Family Code provides the trial court shall make findings required under section 154.130(b) if the amount of child support ordered by the trial court varies from the amount computed by applying the percentage guidelines. However, the record before this Court does not contain the findings required by the Texas Supreme Court in *Iliff* or those required by the section 154.130 of the Texas Family Code.

Accordingly, this Court **REMANDS** this case to the trial court for further proceedings. On remand, we direct the trial court to:

1) Make a finding in accordance with the *Iliff* opinion, including whether or not it found Jimmie Prindle, Jr. to be intentionally unemployed or underemployed; and

2) Make any other findings and recommendations the trial court deems appropriate regarding the intentional unemployment or underemployment at issue.

Further, this Court **ORDERS** the trial court to direct the trial court clerk to file a supplemental clerk's record containing the above described findings and conclusions with this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with the above order.  The appeal shall be reinstated when records that comply with our order are filed with the Clerk of this Court.

/s/ DOUGLAS S. LANG
PRESIDING JUSTICE